```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASENO.10-62021-CIV-DIMITROULEAS
                              MAGISTRATE JUDGE P. A. WHITE

RAMON NOTARIO,                :

     Plaintiff,               :

v.                            :       REPORT OF
                                      MAGISTRATE JUDGE
DEPUTY MERRY, et al.,         :

     Defendants.              :
_____
```

## I. Introduction

The plaintiff, Ramon Notario, currently detained at the Ft. Lauderdale County Jail, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for monetary damages and other relief. [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis. [DE# 4].

This Cause is presently before the Court for initial screening of the complaint pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

   Sec. 1915 Proceedings in Forma Pauperis

                     *   *   *

>    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>    *   *   *
>
>    (B) the action or appeal –
>
>    *   *   *
>
>    (i)  is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with

alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

The plaintiff names Officers in the Ft. Lauderdale Police Department and Broward Sheriff's Office as defendants. He includes no claims in this complaint. This is one of four complaints the plaintiff has filed within a few days of each other. The Court takes judicial notice of the facts contained in the three other complaints. He alleges that in April of 2010, or thereabouts, the West Side Towing Company, dispatched by the Ft. Lauderdale Police Department, towed his motorcycle from the parking lot at Whole Foods Supermarket in Ft. Lauderdale. He was driven home in a police car. He alleges the officers are guilty of armed kidnaping and grand theft of his motorcycle. The plaintiff provides no explanation as to why his motorcycle was towed.[2] He seeks compensation.

To successfully state a claim pursuant to 42 U.S.C. 1983, the plaintiff must demonstrate that a person or persons acting under color of state law has violated a constitutionally protected right. <u>Polk County v Dodson</u>, 454 U.S. 312 (1981). The plaintiff's statements are conclusory and he has failed to demonstrate a violation of a constitutionally protected right. His complaint is without merit. <u>Twombly</u>, <u>supra</u>.

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

2. The Court's docket indicates that an arrest warrant for Notario was issued for violation of supervised release on July 7, 2010, in Case No. 00-8011-Cr-WPD, however, this appears to have been issued after the towing incident and may be unrelated.

### III. Conclusion

Based on the foregoing, it is recommended that this complaint (DE#1) be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted, and the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 8th day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Ramon Notario, Pro Se
     No. 501006433
     BSO Main Jail
     Address of record